IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

EOD
10/12/2007

| | | |
|---|---|---|
| IN RE: § | | |
| § | | |
| **JUDY A. OLIVEIRA** § | Case No. 07-60240 | |
| § | | |
| Debtor § | Chapter 13 | |

| | | |
|---|---|---|
| IN RE: § | | |
| § | | |
| **JANA LANETTE REDIC** § | Case No. 07-60300 | |
| § | | |
| Debtor § | Chapter 13 | |

## MEMORANDUM OF DECISION

This matter is before the Court to consider confirmation of the Chapter 13 plans proposed by the Debtors, Judy A. Oliveira and Jana L. Redic, in their respective Chapter 13 cases. A single, common impediment to confirmation was alleged by Green Tree Servicing, L.L.C. ("Green Tree") in each case,[1] namely, whether a debt secured only by a perfected security interest in a manufactured home, but not by the real property upon which such home is situated, is protected from modification under 11 U.S.C. §1322(b)(2). After conducting a consolidated hearing on the Green Tree objections to confirmation, including the submission of stipulated facts from the parties, the Court took the matters under advisement. This memorandum of decision disposes of all issues pending before

---

[1] Other objections were raised and resolved prior to the hearing on these matters.

the Court.[2]

## Background

Green Tree is the holder of an allowed secured claim against Redic as evidenced by a Manufactured Home Retail Installment Contract and Security Agreement in the original amount financed of $22,840.00 dated November 18, 1996. Such claim is secured by a valid senior security interest in Redic's 1997 Champion Western Shamrock manufactured home. Green Tree filed a proof of claim in the amount of $19,797.52, and the parties have agreed that the replacement value of the Redic collateral is $14,000.00. No payments have been made to Green Tree on the Redic note since the petition date.

As for Oliveira, Green Tree holds an allowed secured claim in that case as evidenced by a Manufactured Home Retail Installment Contract and Security Agreement in the original amount financed of $45,041.00 dated September 24, 1996. Such claim is secured by a valid senior security interest in Oliveira's 1997 Palm Harbor Value Master manufactured home. The Green Tree claim against Oliveira totals $51,120.22, and the agreed replacement value of the collateral is $35,856.00. Green Tree has received no payment from Oliveira since the petition date.

As to each case, the parties have stipulated that: (1) the manufactured home in which the Debtor resides constitutes the "debtor's principal residence" as defined in 11

---

[2] This Court has jurisdiction to consider these matters pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157(a). The Court has the authority to enter a final order in this contested matter because it constitutes a core proceeding as contemplated by 28 U.S.C. §157(b)(2)(A), (L), and (O).

U.S.C. §101(13A) as enacted by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"); (2) Green Tree possesses no lien or any other type of interest in the real property upon which the manufactured home sits;[3] and (3) assuming modification of Green Tree's secured claim remains permissible after the adoption of BAPCPA, an interest rate of 9.5% will be paid to Green Tree during the pendency of the plan.  The parties also agree that the manufactured home in each instance currently constitutes the personal property of the Debtor — and does not constitute an interest in real property — under applicable Texas law.[4]  The Debtor in each case has proposed a Chapter 13 plan containing a provision that would bifurcate Green Tree's allowed claim into secured and unsecured portions under 11 U.S.C. §506.  Green Tree filed a timely

---

[3] Though Oliveira owns the real property upon which her mobile home sits, Green Tree concedes that it has absolutely no interest in that real property.  Redic does not own the real property upon which her home sits.

[4] TEX. PROP. CODE §2.001 (Vernon 2004) provides that:

(a) Except as provided by Subsection (b), a manufactured home is personal property.

(b) A manufactured home is real property if:

> (1) the statement of ownership and location for the home issued under Section 1201.207, Occupations Code, reflects that the owner has elected to treat the home as real property; and

> (2) a certified copy of the statement of ownership and location has been filed in the real property records in the county in which the home is located.

The election rests solely within the discretion of the owner of the manufactured home but an owner may elect to treat such a home as real property only if the home is attached to: (1) real property that is owned by the owner of the home; or (2) land leased to such home owner under a long-term lease.  TEX. OCC. CODE §1201.2055 (Vernon Supp. 2006).

-3-

objection to this treatment in each case, asserting that its claim falls within the anti-modification provision of §1322(b)(2).

## Discussion

Section 1322(b)(2) generally provides that the rights of a holder of a secured claim can be modified by a Chapter 13 plan.[5] However, the modification of such rights is precluded under the statute if a claim is "secured only by a security interest in real property that is the debtor's principal residence. . . ." 11 U.S.C.A. §1322(b)(2) (West 2004). This limited exception to the general rule permitting the modification of secured claims therefore applies only if the claim is exclusively secured by an interest in real property, and the exception is further circumscribed by the requirement that the referenced realty must constitute the debtor's principal residence. Thus, at first blush, the invalidity of Green Tree's confirmation objections in these cases seems obvious because the parties have stipulated that Green Tree holds no claim secured by real property under applicable state law.

However, Green Tree asserts that, despite the fact that BAPCPA made no changes to the language of §1322(b)(2), its textual requirement of the existence of a security

---

[5] 11 U.S.C. § 1322(b)(2) provides as follows:

(b) Subject to subsections (a) and (c) of this section, the plan may–
. . .
    (2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims.

-4-

interest in real property in order to trigger the anti-modification protection has been effectively repealed (or rendered absurd) by BAPCPA's adoption of a definition of the term "debtor's principal residence" — a definition which now brings a mobile or manufactured home within the sphere of properties eligible to qualify as a debtor's principal residence regardless of whether such home is attached to real property.[6] Thus, purportedly relying upon principles of statutory interpretation, Green Tree asserts that its claim in these two cases, though admittedly secured only by personal property, are each protected from modification under §1322(b)(2) and that the respective plans of these debtors providing for such modification cannot be confirmed.

Proper construction of the applicable statute — §1322(b)(2) — must begin with its plain language. It is well settled that "when the statute's language is plain, the sole function of the courts – at least where the disposition is not absurd – is to enforce it according to its terms." *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000) [citations and internal quotations omitted]. "When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is

---

[6] 11 U.S.C. §101(13A) now provides that:

the term "debtor's principal residence" —
    (A) means a residential structure, including incidental property, without regard to whether that structure is attached to real property; and
    (B) includes an individual condominium or cooperative unit, a mobile or manufactured home, or trailer.

complete.'" *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 254 (1992). Only in cases where the language of the statute is ambiguous or leads to absurdity should the Court look beyond the statute to try to ascertain the legislative intent. However, for language to be considered ambiguous, it must be susceptible to "more than one reasonable interpretation" or "more than one accepted meaning," *Carrieri v. Jobs.com, Inc.*, 393 F.3d 508, 519 (5th Cir. 2004), *citing U.S. v. Kay*, 359 F.3d 738, 743 (5th Cir. 2004), and the canon against absurdities is a very narrow exception to the plain meaning rule that is only employed "where it is quite impossible that Congress could have intended the result . . . and where the alleged absurdity is so clear as to be obvious to most anyone." *Public Citizen v. U.S. Dept. of Justice*, 491 U.S. 440, 470-71 (1989) (Kennedy, J. concurring in judgment), as cited in *Small v. U.S.*, 544 U.S. 385, 404 (2005) (Thomas, J. dissenting).

The plain language of §1322(b)(2) is neither ambiguous nor absurd. *In re Coleman*, 2007 WL 2376722 (Bankr. W. D. Mo. Aug. 2, 2007); *In re Herrin*, 2007 WL 1975573 (Bankr. S.D. Ala. July 3, 2007); *In re Cox*, 2007 WL 1888186 (Bankr. S.D. Tex. June 29, 2007); *contra In re Shepherd,* 354 B.R. 505, 511-12 (Bankr. E.D. Tenn. 2006). The statute as written applies the anti-modification protection only to claims secured by real property, and that subset of protected claims is further restricted by the requirement that the realty securing such claim must constitute a debtor's principal residence. To adopt an analysis which utilizes a restricting dependent clause to eliminate the basic requirement which that clause is purportedly modifying is not only grammatically and

logically flawed, *Cox*, 2007 WL 1888186, at *2, n.4, it violates the principle of statutory construction that requires a court, whenever possible, to give meaning to each word included in a statute. *TRW, Inc. v. Andrews*, 534 U.S. 19, 31 (2001) ["a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant."].[7] The fact that various types of residential structures may now constitute a debtor's principal residence under the broad definition supplied by §101(13A) does not change the unambiguous statutory requirement imposed by §1322(b)(2) that a claim must be secured by an interest in real property in order to qualify for the anti-modification protection. 8 COLLIER ON BANKRUPTCY ¶1322.06[1][a] at p.1322-30 (15th ed. rev. 2007). That statutory requirement was neither expressly nor impliedly abrogated by the enactment of §101(13A). It remains extant and controlling in these circumstances.

In summary, the Court, in all candor, cannot improve upon Judge Steen's succinct assessment expressed in *Cox*:

> The protection that Green Tree seeks only applies to claims that are secured by real property. Green Tree's claim is not secured by real property. Therefore, §1322(b)(2) does not apply.

2007 WL 1888186, at *2.

---

[7] The conclusion in *Shepherd* that Congress must have intended to effect a change to §1322(b)(2) by adding §101(13A) — essentially deriving congressional intent by tracking the change from the former statute to the current — is also a product of a discredited process. The United States Supreme Court has warned against deriving legislative intent from a comparison of a current statute to its predecessor, *Lamie v. United States*, 540 U.S. 526, 534 (2004) ["The starting point in discerning congressional intent is the existing statutory text, and not the predecessor statutes."].

**Conclusion**

Accordingly, the Court concludes that the objection to confirmation filed by Green Tree in each of these cases should be overruled and that each respective Debtor in these two cases may bifurcate the allowed claim of Green Tree into secured and unsecured portions pursuant to 11 U.S.C. §506. This memorandum of decision constitutes the Court's findings of fact and conclusions of law[8] pursuant to Fed. R. Civ. P. 52, as incorporated into contested matters in bankruptcy cases by Fed. R. Bankr. P. 7052 and 9014. An appropriate order will be entered in each case which is consistent with this opinion.

Signed on 10/11/2007

*Bill Parker*

THE HONORABLE BILL PARKER
CHIEF UNITED STATES BANKRUPTCY JUDGE

---

[8] To the extent that any finding of fact is construed to be a conclusion of law, it is hereby adopted as such. To the extent any conclusion of law is construed to be a finding of fact, it is hereby adopted as such. The Court reserves the right to make additional findings and conclusions as necessary or as may be requested by any party.